UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RONALD ZARELLI,

    Plaintiff,

v.

GEICO SECURE INSURANCE COMPANY,

    Defendant.

C21-583 TSZ

ORDER

THIS MATTER comes before the Court on a motion for summary judgment, docket no. 17, brought by defendant GEICO Secure Insurance Company ("GEICO"). Having reviewed all papers filed in support of, and in opposition to, the motion, the Court enters the following Order.

**<u>Background</u>**

On June 26, 2017, plaintiff Ronald Zarelli's east-bound vehicle crashed head on into a west-bound pickup truck driven by Michael Paulino, which had swerved into Zarelli's lane. Paulino later explained that Zarelli had been travelling toward Paulino in Paulino's lane, so Paulino slowed down and turned into the oncoming lane to avoid an accident, but then Zarelli abruptly corrected and the two vehicles collided. <u>See</u> Police

ORDER - 1

Traffic Collision Report, Ex. A to Donohue Decl. (docket no. 18-1).[1]  Zarelli disputes this version of events.  On August 7, 2017, a few weeks after the accident, Paulino's insurer, Allstate Fire and Casualty Insurance Company, denied coverage as to Zarelli's claims, based on its assessment that its insured, Paulino, was not at fault for the collision.  See Ex. I to Donohue Decl. (docket no. 18-1).  By late October 2017, Zarelli had retained John Kannin to represent him in litigation against Paulino.  See Ex. D to Kannin Decl. (docket no. 22-5); see also Ex. M to Donohue Decl. (docket no. 18-1).

At the time of the accident, Zarelli was insured by GEICO.  See Ex. Z to Donohue Decl. (docket no. 18-2).[2]  The bodily injury liability limits on Zarelli's automobile insurance policy were $25,000 per person and $50,000 per occurrence.  Id. (docket no. 18-2 at 51).  On January 24, 2018, GEICO sent a letter to Kannin (Zarelli's attorney) indicating that Paulino had made a demand in the amount of $72,250.  See Ex. P to Donohue Decl. (docket no. 18-2); see also Ex. O to Donohue Decl. (docket no. 18-1) (demand letter dated January 9, 2018, from Paulino's attorney to GEICO).  On

---

[1] Zarelli's motion, docket no. 22, to strike the Police Traffic Collision Report is DENIED. Although Zarelli correctly labels the report as hearsay, the report may nevertheless be used to support a motion for summary judgment if the facts set forth in the report could be offered at trial in an admissible format.  See Fed. R. Civ. P. 56(c).  Although the report itself might not be allowed into evidence, the report still indicates what its author, a deputy sheriff in Snohomish County, as well as Paulino, would likely say if called to testify.  In particular, upon examination by GEICO, the deputy sheriff would be permitted to recount what Zarelli said after the accident, while at the hospital, because such statements of a party opponent would not constitute hearsay.  See Fed. R. Evid. 801(d)(2).

[2] Zarelli's motion, docket no. 22, to strike the copy of the insurance policy submitted by GEICO is DENIED.  Zarelli appears to object to GEICO's counsel attesting to the accuracy of the reproduction of the document, but GEICO can presumably proffer at trial the proper foundation for the policy to be admitted into evidence.

ORDER - 2

January 30, 2018, Paulino filed suit against Zarelli in Snohomish County Superior Court. <u>See</u> Ex. B to Donohue Decl. (docket no. 18-1). According to Zarelli, however, Paulino never served him with a summons or a copy of the complaint, <u>see</u> Zarelli Dep. at 29:15–24, Ex. K to Kannin Decl. (docket no. 22-12 at 30), and GEICO has offered no evidence that Paulino effected service on Zarelli.

GEICO, however, apparently received a copy of Paulino's complaint, and it hired the "Law Office of Alice Brown" to represent Zarelli. <u>See</u> Ex. K to Donohue Decl. (docket no. 18-1). GEICO told Zarelli in a letter dated February 8, 2018, that the defense attorney to whom it had referred the matter was "a salaried GEICO employee who represents [its] insured in automobile and homeowner lawsuits." <u>Id.</u> (docket no. 18-1 at 42). In addition, GEICO advised Zarelli to contact the Law Office of Alice Brown "**<u>immediately if you are making or intend to make a claim against [Paulino] or any other party</u>**." <u>Id.</u> (emphasis added). GEICO requested that Zarelli sign a copy of the letter and return it. <u>Id.</u> (docket no. 18-1 at 43). Zarelli did so and added the following handwritten note:

> I RETAINED TWO ATTORNEYS FROM THE BEGIN[N]ING BECAUSE I FEEL I AM NOT AT FAULT[.] I WAS HIT IN MY LANE NEAR MY SIDE OF ROAD[.] THEY CAME ACROSS CENTERLINE HIT ME AT MY LEFT FRONT FENDER. I NEVER SAID I CROSSED THE CENTERLINE AT ANYTIME THAT I'M AWARE OFF [sic] SO IN MY DEFENSE.

<u>Id.</u> Zarelli also provided the contact information for Kannin and another lawyer. The date next to Zarelli's signature and his accompanying note is February 26, 2018. <u>Id.</u>

ORDER - 3

Meanwhile, on the same day that GEICO first mentioned to Zarelli that a lawyer had been retained for him, *i.e.*, February 8, 2018, Paulino's attorney sent a letter to GEICO accepting a settlement offer of $25,000 (the policy limit for one person). Ex. Q to Donohue Decl. (docket no. 18-2). On February 12, 2018, GEICO informed Zarelli in writing that it had reached "a verbal agreement to resolve the lawsuit filed by Michael Paulino." Ex. D to Donohue Decl. (docket no. 18-1). This letter did not set forth any of the terms of the verbal agreement with Paulino. See *id.* On February 20, 2018, William Elsinger of the Law Office of Alice C. Brown filed a notice of appearance in *Paulino v. Zarelli*, Snohomish County Superior Court No. 18-2-00974-31, see Ex. R to Donohue Decl. (docket no. 18-2), and the following day, February 21, 2018, Paulino and his wife signed a release of all claims, see Ex. S to Donohue Decl. (docket no. 18-2). On May 16, 2018, the *Paulino* matter was dismissed with prejudice and without costs upon a stipulation of the parties. Ex. E to Donohue Decl. (docket no. 18-1); see also Ex. L to Kannin Decl. (docket no. 22-13). The order of dismissal was presented by Elsinger, and signed on Zarelli's behalf, *id.*, even though neither Elsinger nor anyone else at the Law Office of Alice C. Brown had communicated with Zarelli or Kannin before presenting the order.[3] See Zarelli Dep. at 32:3–5 & 56:5–10, Ex. K to Kannin Decl. (docket no. 22-12); Kannin Decl. at ¶ 16 (docket no. 22-1).

---

[3] In an effort to portray Zarelli as preoccupied with defending himself on an unrelated criminal matter, and therefore inattentive to his claims against Paulino, GEICO has submitted a copy of a Judgment and Sentence entered by the Snohomish County Superior Court on May 24, 2018. Ex. BB to Donohue Decl. (docket no. 18-3). Zarelli's motion, docket no. 22, to strike this exhibit is DENIED.

ORDER - 4

On June 19, 2018, GEICO indicated via letter to Zarelli that the <u>Paulino</u> case had been resolved.  Ex. T to Donohue Decl. (docket no. 18-2).  Kannin was not copied on this letter.  <u>See</u> <u>id.</u>  In October 2018, Kannin tried unsuccessfully to file a counterclaim in the <u>Paulino</u> action, seeking to assert that Paulino was negligent; the pleading was rejected by the Snohomish County Clerk because the case had already been dismissed.  <u>See</u> Ex. F to Donohue Decl. (docket no. 18-1).  Kannin then attempted to bring, on Zarelli's behalf, two actions against Paulino and his marital community; the first complaint was filed in November 2018, but was not served, and the second complaint was filed in June 2020, but was dismissed upon Paulino's motion for summary judgment on the ground that the claims asserted by Zarelli were compulsory counterclaims that should have been, but were not, pleaded in the <u>Paulino</u> case and were therefore barred.  <u>See</u> Exs. U, V, & Y to Donohue Decl. (docket no. 18-2).  In granting Paulino's motion for summary judgment, the Snohomish County Superior Court Judge observed that counsel appointed by GEICO in the <u>Paulino</u> action might have failed to inform Zarelli of the settlement and dismissal and that "they thereby would have violated their ethical duties to their client."  Ex. Y to Donohue Decl. (docket no. 18-2 at 49).

In this matter, Zarelli contends that GEICO's actions and/or omissions precluded him from making claims against Paulino and that, as a result, he suffered damages in excess of $360,000.  Zarelli brings two claims[4] against GEICO:  (i) bad faith denial of

---

[4] GEICO has moved for summary judgment as to any claim under Washington's Insurance Fair Conduct Act ("IFCA") because Zarelli failed to provide the requisite pre-suit notice.  <u>See</u> RCW 48.30.015(8)(a) (requiring written notice at least twenty days before commencing

ORDER - 5

insurance coverage; and (ii) violation of Washington's Consumer Protection Act ("CPA").  GEICO moves for summary judgment.[5]  The Court is persuaded that Zarelli's insurance bad faith claim against GEICO is not cognizable and defers ruling on Zarelli's CPA claim pending further briefing by the parties.

**Discussion**

**A.      Insurance Bad Faith**

Insurance bad faith is a tort, analyzed under the principles of duty, breach, causation, and damages.  See Smith v. Safeco Ins. Co., 150 Wn.2d 478, 485, 78 P.3d 1274

---

action).  Zarelli insists that he has not brought any IFCA claim.  Given Zarelli's clarification that he presents no IFCA claim, his requests for treble damages, attorney's fees, and costs pursuant to RCW 48.30.015(1)–(3) are STRICKEN.  See Compl. at ¶¶ 21 & 25 and Relief Requested (docket no. 1-1).

[5] In its motion, GEICO raised certain issues on which the Court cannot grant summary judgment.  The Court may grant summary judgment only if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56(a).  This standard does not permit the Court to conclude, as GEICO contends, that Zarelli was at fault in the collision.  GEICO characterizes Zarelli's "after-the-fact testimony" as "self-serving," but Zarelli's account nevertheless contradicts Paulino's version of events and therefore creates a dispute of fact precluding summary judgment along the lines that GEICO has proposed.  With respect to GEICO's argument that, because of Zarelli's discovery violations and/or failure to comply with various deadlines, GEICO is entitled to summary judgment in its favor, GEICO has not established that the criteria for this drastic sanction have been met.  See, e.g., Hester v. Vision Airlines, Inc., 687 F.3d 1162, 1169–71 (9th Cir. 2012) (articulating five factors that a court must consider before imposing dismissal or another dispositive sanction, and identifying three factors for assessing whether a court has adequately considered less drastic alternatives).  Despite GEICO's frustration with Zarelli's and/or his attorney's allegedly lackadaisical approach to preparing this matter for trial, GEICO has never brought a motion to compel discovery or previously alerted the Court to the problems now outlined in its motion for summary judgment.  The Court has had no occasion to warn Zarelli or his lawyer about the consequences of not complying with discovery obligations and, on this record, the Court could not conclude that any violations were willful, in bad faith, or the fault of Zarelli himself, which would be a prerequisite to the type of ruling GEICO asks the Court to enter.  See id. at 1169.  GEICO's final assertion that Kannin, rather than GEICO, is at fault with respect to Zarelli's inability to pursue his claims against Paulino is not relevant to the pending motion.

(2003).  The duty involved is created by the insurance contract, which is the insurer's duty of good faith to the policyholder, and to succeed on a bad faith claim, the insured must prove that the insurer's breach of the insurance contract was unreasonable, frivolous, or unfounded.  *Id.*  Although the alleged breach need not be a denial of coverage or a refusal to pay benefits, it must be somehow tethered to the terms of the insurance policy.  *See Young v. Standard Fire Ins. Co.*, No. 2:18-CV-31, 2021 WL 4240421, at *6 (E.D. Wash. May 28, 2021).

      Zarelli's claim against GEICO does not, however, involve the automobile insurance policy at issue.  Zarelli alleges that GEICO breached a duty of care "by settling the claim against [him] without first notifying [him] or [his] counsel of the proposed settlement thereby allowing [him] an opportunity to bring his counterclaim against Paulino," and that GEICO breached a duty of care "by failing to notify Zarelli it agreed to dismiss Paulino's case against Zarelli with prejudice, before Zarelli brought his counterclaim."  Compl. at ¶ 17 (docket no. 1-1).  These asserted breaches are not tethered to the terms of the policy, but rather constitute potential ethical violations by the attorney GEICO assigned to represent Zarelli.  GEICO did not deny coverage under the contract, but rather paid the policy limit to settle the claims asserted by Paulino against Zarelli.  GEICO did not refuse to defend Zarelli, but rather arranged for one of its in-house lawyers to appear in the *Paulino* action on Zarelli's behalf.  In sum, Zarelli received the benefit of the insurance contract, and his claim against GEICO does not allege any unreasonable, frivolous, or unfounded breach of the policy.  *See Young*, 2021 WL 4240421, at *6.

ORDER - 7

Under Washington law, GEICO had a duty to defend and indemnify Zarelli because coverage was owed under the policy. See <u>St. Paul Fire & Marine Ins. Co. v. Onvia, Inc.</u>, 165 Wn.2d 122, 129, 196 P.3d 664 (2008) ("Liability insurance is third-party coverage and provides policyholders with two main benefits: payment and defense."). In addition to the two main benefits of an insurance contract, "liability insurers owe a duty to settle claims against their insureds." <u>Id.</u> An insurer "may settle any claim covered by the policy, and if such settlement is made in good faith, the amount thereof is deductible from the limits of liability." RCW 46.29.490(6)(c). GEICO had substantial evidence that its insured, Zarelli, was responsible for the accident, and it had the right (and obligation) to settle within the policy limit and avoid any excess judgment against its insured. See <u>Truck Ins. Exch. of Farmers Ins. Grp. v. Century Indem. Co.</u>, 76 Wn. App. 527, 534, 887 P.2d 455 (1995) ("If investigation discloses a likelihood the insured is liable, the insurer has an affirmative duty to make a good faith effort to settle the case."). GEICO instructed Zarelli by letter dated February 8, 2018, that he should contact the Law Office of Alice Brown "immediately" if he intended to make a claim against Paulino. Zarelli never did so. The case settled in February 2018, but the dismissal did not occur until May 16, 2018. Zarelli cannot establish insurance bad faith, and GEICO's motion for summary judgment as to this claim is therefore GRANTED.

/ / /

/ / /

/ / /

/ / /

ORDER - 8

B. **Violation of Consumer Protection Act**

In its motion for summary judgment, GEICO did not specifically address Zarelli's CPA claim; in its reply, GEICO argued only that Zarelli cannot establish a per se violation of the CPA. The basis of Zarelli's CPA claim is as follows:

> Defendant GEICO engaged in an unfair or deceptive act or practice when it had knowledge its insured, Plaintiff Ronald Zarelli, desired to bring a counterclaim against Paulino, and that Zarelli was represented by counsel for his bodily injury counterclaim, yet GEICO failed to notify Zarelli or his counsel, of its intent to settle with Paulino[6] and/or that it was going to sign an order of dismissal to dismiss the original case against Zarelli, and Gieco [sic] also failed to bring Zarelli's counterclaim, thereby foreclosing Zarelli's ability to bring his counterclaim. This act constitutes an unfair claims settlement practice under WAC 284-30-330.

Compl. at ¶ 23 (docket no. 1-1). Zarelli's assertion that GEICO's failure to assert his counterclaims against Paulino constituted an unfair claims settlement practice under WAC 284-30-330 appears to lack merit; no provision of this regulation requires that an "insurer in the business of insurance" assert counterclaims on behalf of an insured. The Court also notes that the damages Zarelli seems to seek in this action, which are for medical expenses,[7] are not compensable under the CPA. *See*, *e.g.*, *Ambach v. French*,

---

[6] Zarelli's allegation that GEICO failed to notify him about its intent to settle with Paulino is belied by the evidence in the record.

[7] Zarelli's motion for leave to file his medical expert's report, docket no. 22, which is essentially a motion for extension of the expert-disclosure deadline, is STRICKEN as moot. On March 28, 2022, in response to GEICO's motion for summary judgment, Zarelli submitted the report of John Hung, M.D. *See* Ex. P. to Kannin Decl. (docket no. 22-17). Dr. Hung has opined that Zarelli's injuries resulted from the motor vehicle accident at issue and that the treatment he has received has been reasonable and necessary. *Id.* at ¶¶ III(3)–(4). The total amount charged by UW Medicine | Harborview Medical Center was $343,611.60, of which unidentified insurance covered $76,989.61, leaving a balance, as of August 15, 2017, of $264,982.04. Ex. C to Donohue Decl. (docket no. 25-1). This sum, which has presumably increased as a result of late

ORDER - 9

167 Wn.2d 167, 173, 216 P.3d 405 (2009).  The parties are DIRECTED to provide supplemental briefing as follows:

(a)  By June 14, 2022, Zarelli shall file (i) a supplemental brief, not to exceed ten (10) pages in length, addressing how GEICO's other alleged failures, which are outlined in the Complaint, violated WAC 284-30-330, and (ii) an offer of proof concerning any injury to "business or property," see Ambach, 167 Wn.2d at 171–79, for which Zarelli seeks damages in connection with his CPA claim; the offer of proof shall be accompanied by a declaration under oath and all documentary evidence that would be presented at trial in support of the claim for damages related to business or property;

(b)  By June 30, 2022, GEICO shall file a supplemental brief, not to exceed ten (10) pages in length, concerning whether, in light of the Court's rulings and Zarelli's offer of proof, GEICO is entitled to summary judgment on the CPA claim; and

(c)  By July 8, 2022, Zarelli may file a supplemental response, not to exceed five (5) pages in length.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1)  GEICO's motion for summary judgment, docket no. 17, is GRANTED in part and DEFERRED in part.  Plaintiff's requests for treble damages, attorney's fees, and costs pursuant to RCW 48.30.015(1)–(3) are STRICKEN.  Plaintiff's insurance bad faith

---

charges and interest, appears to be the bulk of the over $360,000 in damages that Zarelli seeks.  See Pl.'s Resp. at 2 & 19 (docket no. 22).  Because Zarelli cannot pursue these medical expenses in connection with a CPA claim, the Court need not address the merits of Zarelli's reasons for failing to timely provide Dr. Hung's report to GEICO.

ORDER - 10

claim is DISMISSED with prejudice.  GEICO's motion is otherwise DEFERRED and RENOTED to July 8, 2022.

      (2)    Plaintiff's motion to strike, docket no. 22, is DENIED.

      (3)    Plaintiff's motion, docket no. 22, for leave to file the report of Dr. Hung, is STRICKEN as moot.

      (4)    The Clerk is directed to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 31st day of May, 2022.

*/s/ Thomas S. Zilly*
Thomas S. Zilly
United States District Judge