UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RONALD ZARELLI,

    Plaintiff,

 v.

GEICO SECURE INSURANCE COMPANY,

    Defendant.

C21-583 TSZ

ORDER

THIS MATTER comes before the Court on the deferred portion of a motion for summary judgment, docket no. 17, brought by defendant GEICO Secure Insurance Company ("GEICO"). By Order entered June 1, 2022, docket no. 31, the Court directed the parties to provide supplemental briefing. Having now reviewed the supplemental materials, as well as the other papers in the record, the Court enters the following Order.

**Discussion**

The underlying and generally undisputed facts are set forth in detail in the Court's previous Order, docket no. 31, in which the Court dismissed plaintiff Ronald Zarelli's insurance bad faith claim against GEICO and narrowed his claim under Washington's Consumer Protection Act ("CPA"). Zarelli contends that counsel assigned by GEICO to defend him in a lawsuit commenced by Michael Paulino, concerning a head-on collision

ORDER - 1

of their respective vehicles, committed professional malpractice by (i) accepting service of Paulino's complaint without Zarelli's permission, (ii) failing to raise, in the Snohomish County Superior Court action commenced by Paulino, the defense of lack of personal service, (iii) agreeing to settle Paulino's claim against Zarelli without notifying his personal injury attorney (John Kannin),[1] (iv) not asserting Zarelli's counterclaim against Paulino, and (v) foreclosing Zarelli's ability to bring his counterclaim by presenting, without first advising him or Kannin, an order dismissing Paulino's case.[2] <u>See</u> Supp. Resp. at 5 (docket no. 32). As explained in the earlier Order, Zarelli received the benefits

---

[1] At all material times, Zarelli was represented by Kannin and his firm in connection with the "motor vehicle collision occurring in Snohomish, Washington" on June 26, 2017. <u>See</u> Ex. D to Kannin Decl. (docket no. 22-5). By letter dated October 23, 2017, Kannin notified GEICO that he represented Zarelli, that Zarelli believed the accident had been caused by Paulino, and that "**we** are pursuing a third-party claim" against Paulino. <u>Id.</u> (emphasis added). In January 2018, GEICO sent Kannin a letter indicating that Paulino had made a demand in an amount that exceeded the policy limit. <u>See</u> Order at 2 (docket no. 31) (citing Exs. O & P to Donohue Decl. (docket nos. 18-1 & 18-2)). In addition, in February 2018, before settling Paulino's claim, GEICO advised Zarelli to contact the GEICO lawyer handling his defense "**immediately if you are making or intend to make a claim against [Paulino] or any other party**." Ex. K to Donohue Decl. (docket no. 18-1) (emphasis added). Zarelli made no attempt to communicate with counsel assigned to him by GEICO.

[2] Zarelli was informed by letter dated February 12, 2018, that GEICO had reached "a verbal agreement to resolve the lawsuit filed by Michael Paulino." Ex. D to Donohue Decl. (docket no. 18-1). The order of dismissal was not signed until May 16, 2018. Ex. E to Donohue Decl. (docket no. 18-1). Between February and May 2018, neither Zarelli nor Kannin contacted the GEICO attorneys who had appeared in the Paulino matter on Zarelli's behalf. Although Zarelli was told in June 2018 that the litigation had been resolved, his counterclaim was not further pursued until October 2018, when Kannin tried to file it, but the pleading was rejected by the Snohomish County Clerk because the case had already been dismissed, and his separate, albeit unsuccessful, action against Paulino was not commenced until June 2020. <u>See</u> Order at 5 (docket no. 31) (citing Exs. F, T, U, V, & Y to Donohue Decl. (docket nos. 18-1 & 18-2)). These efforts cannot be described as diligent. Further, Zarelli was unlikely to succeed in any claim against Paulino given Zarelli's statements against interest, which are outlined in the Police Traffic Collision Report, and the physical evidence, which was consistent with Paulino's version of events, namely that Zarelli was traveling toward him in his lane, he swerved into the opposing lane to avoid a collision, and the vehicles collided when Zarelli abruptly corrected. <u>See</u> Ex. A to Donohue Decl. (docket no. 18-1).

ORDER - 2

1  of the GEICO policy, namely the tender of a defense and settlement of Paulino's claim
2  for the policy limit, and the conduct about which he now sues did not breach the
3  insurance contract and cannot form the basis of a bad faith claim.  See Order at 7 (docket
4  no. 31).

5    Moreover, as indicated in the prior ruling, Zarelli's theory under the CPA that the
6  failure by GEICO's in-house lawyers to assert his counterclaim against Paulino violated
7  WAC 284-30-330, and constituted a per se unfair or deceptive act or practice, is not
8  cognizable.  The regulation cited in Zarelli's operative pleading does not require insurers
9  to assert counterclaims on behalf of insureds.  See id. at 9.  The Court has offered Zarelli
10 an opportunity to identify which, if any, of the actions or inactions at issue are on the list
11 of practices set forth in WAC 284-30-330 that an insurer may not take during the process
12 of settling an insurance claim.  Id. at 10.  Zarelli has not, however, done so.  Instead, he
13 cites RCW 48.01.030, which proclaims that the "business of insurance is one affected by
14 the public interest, requiring that all persons be actuated by good faith, abstain from
15 deception, and practice honesty and equity in all insurance matters."  This statute was
16 never referenced in his operative pleading, and Zarelli does not now seek (and would not
17 at this late stage of the proceedings be given) leave to amend his complaint to pursue a
18 new and entirely different CPA claim and/or legal theory.

19   In sum, Zarelli's contentions relate to legal malpractice, not a CPA violation, but
20 he has not pleaded a malpractice claim, has not specifically alleged that counsel assigned
21 by GEICO were negligent in providing legal services for him, and has not attempted to
22 hold GEICO vicariously liable pursuant to the doctrine of respondeat superior.  See
23

ORDER - 3

Compl. (docket no. 1-1).  With regard to the remaining claim in this action, as it was actually pleaded, namely a CPA claim asserting violation of WAC 284-30-330, Zarelli has not proffered the requisite "affirmative evidence" that, when considered with the record as a whole, would lead a "rational trier of fact" to find for him at trial, and thus, summary judgment against him is warranted.[3]  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) The deferred portion of GEICO's motion for summary judgment, docket no. 17, is GRANTED.  The remaining claim in this matter, brought under the CPA, is DISMISSED.

(2) The Clerk is directed to enter judgment consistent with this Order and the Order entered June 1, 2022, docket no. 31, to send a copy of the Judgment and this Order to all counsel of record, and to CLOSE this case.

IT IS SO ORDERED.

Dated this 10th day of August, 2022.

Thomas S. Zilly
United States District Judge

---

[3] In light of this ruling, the Court does not address Zarelli's arguments concerning the types of damages that may be pursued on a CPA claim.

ORDER - 4